# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50393
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
October 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ramiro Mondragon-Calderon,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CR-35-1

_____

Before Willett, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Ramiro Mondragon-Calderon appeals his conviction and sentence for illegal reentry into the United States after removal. For the first time on appeal, Mondragon-Calderon contends that the recidivism enhancement in 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a) based

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Although Mondragon-Calderon acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review and has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Accordingly, Mondragon-Calderon is correct that his argument is foreclosed, and summary disposition is appropriate. *See Groendyke Transp.*, *Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

IT IS ORDERED that Mondragon-Calderon's motion is GRANTED, and the district court's judgment is AFFIRMED.